of a copy of the order herein. We think the complaint alleges a cause of action against respondent, under section 15 of the Stock Corporation Law. If damages are uncertain, they may be ascertained by an accounting, but plaintiff must first establish its cause of action. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

MAX FEINMAN, Respondent, v. ELKA RUBENSTEIN, Appellant.*— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

CATHERINE P. HAGGERTY, as Administratrix, etc., of FRANK S. HAGGERTY, Deceased, Respondent, v. STANDARD OIL COMPANY OF NEW YORK, INC., and Others, Appellants.— Order granting a preference reversed on the law and the motion denied, without costs, on the ground that plaintiff has not shown a case of present destitution, with leave to plaintiff to renew the motion at or about the time her insurance payments terminate, if so advised. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting.

In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose to the Real Property Required for the Opening and Extending of Northern Boulevard (Broadway-Jackson Avenue) from Auburndale (Cemetery) Lane to the Easterly Boundary Line of the City of New York, Subject to the Rights, if Any, of the New York and North Shore Traction Company, in the Borough of Queens, City of New York. DOOLEY-STAPLETON HOLDING CORPORATION, Appellant; THOMAS CAVANAGH and Others, Respondents.— Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

In the Matter of the Application of GEORGE M. ESTABROOK, Appellant, for an Order of Mandamus against W. TAYLOR CHAMBERLAIN, Mayor, ARTHUR W. BRIERLEY and Others, as Trustees, Constituting the Board of Trustees of the Village of Hempstead, Nassau County, New York, and Others, Respondents.— Order denying motion for a peremptory mandamus order unanimously affirmed, without costs, as a matter of law and not in the exercise of discretion. The attempt of the trustees of the village of Hempstead to adopt an amendment to the Village Zoning Ordinance, referred to as " Building Zone Ordinance of 1930," was void. Legal notice of the public meeting held on February 25, 1930, seems to have been given, but no notice, as required by section 178 of the Village Law, was given of the meeting held February 26, 1930, at which time the trustees attempted to adopt such ordinance. (See Matter of Schierloh v. Wood, 230 App. Div. 788.) The ordinance being void, appellant's application to the board of appeals was without effect. As no application for a permit was made to the board of trustees, no proceeding was pending. Hence, there is no ground for a mandamus order. Order denying motion for resettlement of order of November 15, 1932, affirmed, without costs. Appeal from order denying motion for reargument of motion for peremptory mandamus order dismissed. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Davis, J., concurs on the ground that the right to a peremptory mandamus order is not clear. (Matter of Eiss v. Summers, 205 App. Div. 691, 696.)

In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFFORD H. KEEP, Respondent, for a Peremptory Mandamus Order against

*Affd., 264 N. Y. 662.

CHARLES W. BERRY, as Comptroller of the City of New York, Appellant.— Peremptory mandamus order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

In the Matter of the General Assignment for the Benefit of Creditors of REPUBLIC PIPE AND IRON CORPORATION, Assignor, to AARON L. PALMER, Assignee, Respondent; WALTER E. GUTHRIE, Trustee, Appellant.— Order reversed on the law and the facts, without costs, and motion to vacate order in so far as it confirms the account of the assignee and directs payments of allowances granted, without costs. The matter of the disposition of assets is one for determination in the Federal court. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

NELSON V. LORING, Respondent, v. KUO C. LI, Appellant.—Appeal dismissed, with ten dollars costs and disbursements. (*Brown* v. *Cadmus Holding Corp.*, 238 App. Div. 867.) Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

HUGH MERRILL, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent. — Order denying plaintiff's motion for a preference affirmed, without costs. No opinion. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Scudder, J., not voting.

NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, Plaintiff, and NASEEMA SALEEBY, Respondent, Appellant, v. NAZURA D. SALEEBY, Appellant, Respondent, and Others, Defendants. NASSAU COUNTY TRUST COMPANY, as Administrator, etc., of SHAHEENIE SALEEBY, Deceased, and NASEEMA SALEEBY, Respondents, v. NAZURA D. SALEEBY, Appellant, and Others, Defendants. (Consolidated appeals.) — Order dated March 31, 1933, denying defendant's motion for leave to amend her answer or serve an amended answer reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The amended answer is to be served within ten days from the entry of the order herein. In view of the anomalous circumstances and in furtherance of justice, the motion should have been granted. Judgment dated March 31, 1933, reversed on the law and the facts, and a new trial granted, costs to appellant to abide the event. It was error to proceed with the trial in advance of passing on the motion to amend the answer. Erroneous rulings were made on proffered evidence which bore upon the issue of whether or not the real property involved was bought and paid for with money of defendant Nazura D. Saleeby. This testimony, if credited, had a bearing upon the effect of the acts of Shaheenie Saleeby in respect of the deed to Nazura Saleeby. Typical erroneous rulings of this character appear at folios 642, 648–656, 690–691, 735–736, 748, 785. All findings of fact and conclusions of law are reversed, to the end that a new trial may be had in furtherance of justice, under proper amended pleadings. Order of March 31, 1933, granting plaintiffs' motion to compel payment of rent reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, without costs. This order presupposes the validity of the order of July 30, 1932, reversed herewith. Cross-appeal of plaintiffs from judgment with respect to the failure of the trial court to enter a judgment upon an alleged settlement is without merit. The findings in respect of the alleged settlement had no proper place in the decision. The judgment is properly not based upon such findings. There is no adequate support in the record for such findings of settlement, since there is no signed memorandum of the settlement appearing